# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**BOBBY RAY WYLES, JR.,**
**ADC # 149401**                                                                 **PLAINTIFF**

**V.**                          **CASE NO. 2:17-CV-202-DPM-BD**

**ANDREWS, et al.**                                                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Bobby Ray Wyles, Jr., an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this case without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) In his complaint, Mr. Wyles claims that his due process rights were violated when Defendants conducted his September 29, 2017 disciplinary hearing in his absence. (#2)

As a result of the disciplinary conviction, he alleges, he was reduced from class one to class four, which resulted in a loss of parole eligibility. In addition to the reduction in class, Mr. Wyles was also sentenced to thirty days in punitive isolation; and he lost fifty days of good time credits. (#5)

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). When screening a complaint, the court must accept the truth of the factual allegations in the complaint, and the court may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

The Court will assume that all of the allegations in the complaint are true. The question is whether these allegations state a claim for denial of Mr. Wyles's right to procedural due process.

A prisoner has a right to procedural due process only if he has a liberty interest at stake. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Thus, the next question is whether Mr. Wyles had a liberty interest at stake. In other words, did the consequences he suffered as a result of the arguably unfair disciplinary hearing cause harm rising to a constitution level? Unfortunately for Mr.

Wyles, under current law, even though his allegations are true, the punishments imposed here do not rise to the level of a loss of liberty.

First, prisoners have no liberty interest in maintaining a particular classification level. See *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990).

Second, placement in punitive isolation for a relatively short time is not deemed serious enough to trigger due process protections. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

Third, even the loss of good-time credits is not enough to implicate a liberty interest in Arkansas. In some states, prisoners do have a liberty interest in the loss of good-time credits. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). But state law, not federal, determines whether prisoners have such a liberty interest. See *Sandlin v. Conner*, 515 U.S. 472, 477–484, 115 S.Ct. 2293 (1995)(holding that states may create liberty interests in good-time credit protected by the Due Process Clause). The Supreme

Court of Arkansas has held that there is no liberty interest in the accumulation or loss of good-time credits under Arkansas law. *McKinnon v. Norris*, 366 Ark. 404 (2006); *Koontz v. Norris*, 2008 WL 2310973 (Ark.2008).

Mr. Wyles also argues that ADC officials violated policy when they conducted his disciplinary hearing without his presence. (#2, #5) Even so, the failure to follow prison policy is not a matter that triggers constitutional protection for prisoners. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

### III. Conclusion:

Because Mr. Wyles's claims do not rise to the level of a constitutional violation, the Court recommends that his claims against the Defendants be DISMISSED, without prejudice. The dismissal should count as a strike for purposes of the PLRA.

DATED this 8th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE