IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BOBBY RAY WYLES, JR
ADC #149401                                                    PLAINTIFF

v.                          No. 2:17-cv-202-DPM

ANDREWS, Warden, EARU;
JUSTINE MINOR, Disciplinary
Hearing Judge, ADC; and RHODES,
Correctional Officer, EARU                                    DEFENDANTS

ORDER

On *de novo* review, the Court adopts the pending recommendation as supplemented, № 6, and overrules Wyles's objection, № 7. FED. R. CIV. P. 72(b)(3). The thrust of Wyles's argument is that, after being granted or approved for parole, he was deprived of it in a disciplinary hearing that he wasn't allowed to attend. He underlines that this disciplinary hearing took place contrary to prison policy and state law. As a result, Wyles was not released and remains imprisoned. He also lost good-time credits, received a lesser classification level, and endured punitive isolation.

Although the alleged facts and timeline are troubling, there is no liberty interest at stake as a matter of law. Classification level, punitive isolation, good-time credits, and policy violations are important but insufficient. № 6 at 3–4. Even parole denial doesn't trigger due process

protections. There's no liberty interest or constitutional right to release before the end of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). And Arkansas law doesn't provide Wyles with a protectable interest. *Parker v. Corrothers*, 750 F.2d 653, 655–57 (8th Cir. 1984). Therefore his claims will be dismissed without prejudice for failure to state a claim. An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

4 January 2018